UNITED STATES of America

v.

Oliver L. NORTH.

Crim. No. 88–0080–02.

United States District Court, District of Columbia.

March 31, 1989.

MEMORANDUM AND ORDER

GESELL, District Judge.

Defendant served an ad testificandum subpoena upon President Ronald Reagan while the President was in office. The subpoena has remained in abeyance subject to further order of the Court pursuant to this Court's Order of January 30, 1989, entered after hearing all interested parties. Now defendant has asked the Court to require the appearance of Mr. Reagan and the matter is again before the Court following the filing of further briefs and further oral argument.

Under the principles established by *United States v. Nixon*, 418 U.S. 683, 94 S.Ct.

3090, 41 L.Ed.2d 1039 (1974), and prior precedents, the Court is required to determine whether or not defendant has established that Mr. Reagan's appearance is necessary to assure defendant a fair trial. There is no doubt that the Court has power to enforce its compulsory process. Deference to the high office of the presidency and the presumptive privilege involved do not prevent requiring the appearance of a former President at a criminal trial provided a sufficient showing has been made that the former President's testimony is essential to assure the defendant a fair trial.

Defendant has wholly failed to make this necessary showing.

The prosecution has completed its case-in-chief. Many facts concerning President Reagan's knowledge of certain relevant events and his participation in particular initiatives and undertakings have already been established beyond dispute both under wide-ranging cross-examination and on direct examination.

Every opportunity was provided defendant to present information through his counsel that would demonstrate with requisite specificity in concrete terms what further information only President Reagan could supply that would be material and essential to the defense. Defendant's *ex parte*, sealed filing and his further statements in briefs and argument failed to do this.

The trial of Lt.Col. North now concerns only his alleged criminal conduct identified in discrete, specific charges. Three broad conspiracy charges directly involving presidential matters have been dismissed. While there is understandable public interest in what a President may have known or may have done, the focus of North's trial does not involve any necessity for such a generalized inquiry. There are but two aspects of Mr. Reagan's official involvement that come into focus at this stage for purposes of this criminal trial.

One area concerns President Reagan's activities in conducting foreign and military affairs of the nation vis-a-vis Nicaragua and in regard to release of the hostages. Although these are matters that go to the heart of the presidential office where confidences and initiatives are to be assiduously protected, substantial disclosure of numerous facts and circumstances vital to a defendant's right to a fair trial have already occurred. Moreover, President Reagan's actions in seeking release of the hostages are not attacked by the indictment and any pertinent information concerning aspects of President Reagan's policy regarding Nicaragua has been well established in the record.

During his presidency, President Reagan cooperated with Independent Counsel's investigation to an unusual extent and over a considerable period. Voluminous materials, classified and nonclassified, running into hundreds of thousands of pages of White House documents were made available. This documentation, coupled with papers from various intelligence agencies, have been culled over by the parties and the record accordingly already discloses in considerable and often intimate detail pertinent information concerning the President's activities. Other witnesses remain available to fill any aspect that may still be of interest to the defense.

In addition, the Court has approved and Independent Counsel has admitted for purposes of the case a 44–page substitution prepared under this Court's guidance pursuant to the Classified Information Procedures Act ("CIPA") which reveals in further detail President Reagan's involvement, both personally and otherwise, in various quid pro quo or other arrangements with foreign countries involving military and/or humanitarian aid to the contras at various times. This information, filed under seal on February 17, 1989 as an attachment to the Court's Memorandum and Order Regarding Quid Pro Quo Admissions, is available for defendant's use at trial. Other materials are also available reflecting various legal opinions furnished President Reagan or his staff concerning the application of the Boland Amendments to White House activities. There has been no indication that further information available only from Mr. Reagan is necessary.

The other area concerns a much more limited and precise inquiry as to whether or not Mr. Reagan while President, directly or indirectly, authorized Lt.Col. North to take any of the actions which provided the basis for the alleged criminal conduct specified in the twelve counts of the indictment before the Court. Whether or not authorization is a defense, authorization is not established by atmosphere, surmise or inference. The written record has been exhausted in this regard. The trial record presently contains no proof that defendant North ever received any authorization from President Reagan to engage in the illegal conduct alleged, either directly or indirectly, orally or in writing. No such authorization to any obstruction or false statement count has been identified in materials submitted to the Court by the defense either in CIPA proceedings or on the public record. Additionally, the Court has examined President Reagan's responses to extensive interrogatories furnished by him under oath to the grand jury as well as references (filed herewith under seal) to portions of Mr. Reagan's personal diary developed by Independent Counsel during the investigatory stages of this matter. Nothing there even remotely supports an authorization claim.

Accordingly, the Court holds that neither defendant North nor his counsel has presented any basis which warrants the Court to exercise its discretion by enforcing the ad testificandum subpoena served on President Reagan. There has been no showing that President Reagan's appearance is necessary to assure Lt.Col. North a fair trial. Accordingly the subpoena is quashed.

SO ORDERED.